1

2

3

4

5

6

7

8

9

10

11

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

12  DEJAN RADOJKOVIC,                        )
                                           )
13          Petitioner,                     )          2:10-cv-00579–GMN-PAL
                                           )
14  vs.                                     )
                                           )          **ORDER**
15  JANET NAPOLITANO, *et al.,*             )
                                           )
16          Respondents.                    )
                                           /

17

18          This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which petitioner, a

19  federal immigration detainee, is proceeding with representation of counsel.

20          Petitioner is in the custody of the Department of Homeland Security and is being detained at

21  the North Las Vegas Detention Facility.  Petitioner, a native of Boznia-Herzogovia, was admitted to

22  the United States on approximately June 24, 1999, as a refugee.  (Exhibits to Pet. Ex 1.)  On January 2,

23  2002, petitioner was adjusted to lawful permanent resident status.  (*Id*.)  The Department of Homeland

24  Security detained petitioner on March 4, 2008, charging that petitioner was removable under two

25  grounds: (1) as an inadmissible alien under 8 U.S.C. § 1227(a)(1)(A) because at the time of entry or

26  adjustment of status he willfully misrepresented a material fact to procure a visa, other documentation,

1  or admission into the United States or other benefit provided by the Immigration and Nationality Act

2  under 8 U.S.C. § 1182(a)(6)(C)(i); and (2) as an inadmissible alien under 8 U.S.C. § 1227(a)(1)(A)

3  because at the time of entry or adjustment of status he was not in possession of valid documentation

4  and was inadmissible under 8 U.S.C. § 1182(a)(7)(i)(I).  (*Id*.)  A third charge was later added that

5  petitioner was removable under 8 U.S.C. § 1227(a)(4)(D) for having participated in extrajudicial

6  killing.  (*Id*.)  The charges stemmed from allegations that petitioner failed to disclose his military

7  service as a Squad Commander in the Rupublika Srpska Special Police squad during 1992 and 1994

8  and participated in the killing of Bosnian Muslim men in July 1995.  (*Id*.)

9         Initially, petitioner was released on his own recognizance.  (*Id*. Ex. 6.)  However, on January

10  15, 2009, petitioner was detained and bond was set at $12,500.00.  (*Id*. Ex. 7.)  After the third charge

11  was added alleging that petitioner had participated in extrajudicial killings, the Immigration Judge

12  determined that pursuant to 8 CFR 1003.19 she lacked jurisdiction to change petitioner's custody

13  status.  (*Id*. Ex. 8.)  Petitioner reserved appeal.  (*Id*.)  Petitioner is currently detained without bond.

14  (*Id*.)

15         On November 24, 2009, the Immigration Judge ordered petitioner removed to Bosnia-

16  Herzegovina.  (*Id*. Ex. 1.)  Petitioner appealed this decision to the Board of Immigration Appeals.  (*Id*.

17  Ex. 2.)  Despite having been ordered by this court file a status report (ECF No. 14), petitioner has not

18  advised the court of the status of his removal proceedings before the Board of Immigration Appeals.

19  Thus, it appears that petitioner's removal proceedings remain ongoing.

20         Petitioner argues that he is being detained in violation of due process under the Fifth

21  Amendment to the United States Constitution.  Petitioner seeks a writ of habeas corpus enjoining

22  respondents from continuing to hold him in custody and ordering a prompt custody hearing.  (ECF No.

23  1.)

24         Aliens detained under 8 U.S.C. § 1226 pending completion of their removal proceedings are

25  entitled to a bond hearing before an immigration judge to determine whether their ongoing detention is

26  justified.  *Rodriguez v. Hayes*, 591 F.3d 1105, 1114-16 (9th Cir. 2010).  If an alien is dissatisfied

with the immigration judge's bond determination, he or she may file an administrative appeal to the Board of Immigration Appeals. *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011).  If the alien remains dissatisfied after the Board of Immigration Appeals issues its decision, he or she may file a petition for writ of habeas corpus in federal district court. *Id*.  An alien's failure to appeal an immigration judge's bond determination to the Board of Immigration Appeals before filing a petition for writ or habeas corpus in district court renders his claims within the petition unexhausted. *Id*. "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Id*.  In this case, the exhibits provided by petitioner show that he "reserved" appeal of the immigration judge's bond determination.  (Exhibits to Pet. Ex. 8.) However, petitioner has not shown that he actually appealed the immigration judge's bond determination to the Board of Immigration Appeals or that the Board of Immigration Appeals issued a decision on the matter before he filed his petition for writ of habeas corpus in this court.  Petitioner has not moved for a stay or demonstrated grounds for excusing the exhaustion requirement. Accordingly, the court dismisses the petition without prejudice as unexhausted.

**IT IS THEREFORE ORDERED** that the petition (ECF No. 1) is **DISMISSED without prejudice IN ITS ENTIRETY**, as wholly unexhausted.

**IT IS FURTHER ORDERED** that the clerk of court shall enter judgment accordingly.

Dated this  19th  day of November, 2012.

_____

UNITED STATES DISTRICT JUDGE

3